# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ANGELA LONG,

    Plaintiff,

v.

123 INSURANCE LLC and
ALEJANDRO POMAREDA,

    Defendants.

Case No. 6:23-cv-2421-CEM-RMN

## **ORDER**

    This cause comes before the Court for consideration without oral argument on Plaintiff's renewed Motion for Substitute Service (Dkt. 5), filed March 29, 2024. After consideration, and for the reasons discussed below, the Motion is due to be granted.

    Plaintiff seeks to serve Defendants 123 Insurance, LLC, and Alejandro Pomareda via alternative means. Dkt. 5 at 3. To support the request, Plaintiff states that Defendant Pomareda is the only member and manager of 123 Insurance and serves as the registered agent. *Id.* at 2. Plaintiff states that the hired process server made nine attempts to serve both Defendants at the address for the registered agent of the LLC, Defendant Pomareda's residential address. *Id.* Plaintiff maintains that on the second attempt, the process server

spoke to someone who indicated they were "in charge" but did not know Defendant Pomareda. *Id.* On the next five attempts, there was no answer at the door even though there was loud music playing from inside. *Id.* Further, Plaintiff states that she hired a skip tracer to locate Defendant Pomareda, who informed Plaintiff that the residential address the process server had previously attempted service at was Defendant Pomareda's last known address and the address he provided the Florida Secretary of State on multiple filings related to the LLC. *Id.* at 3.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Florida law, in certain circumstances, permits service of a defendant who conceals his or her identity by serving the Florida Secretary of State. *See* Fla. Stat. §§ 48.161(1), 48.181(1); *see also EHR Aviation, Inc. v. Lawson*, No. 3:09-cv-210, 2011 WL 46119, at *1 (M.D. Fla. Jan. 6, 2011) (instructing plaintiff how to perfect service of process through substituted service). And on this record, Plaintiff has shown that substitute service is warranted under Florida law. *See, e.g.*, *United States v. Shiffman*, No. 6:20-cv-1747, 2021 WL 4208697, at *3 (M.D. Fla. Apr. 16, 2021) (holding that United States met its burden of showing substitute service was appropriate where it made 10 unsuccessful attempts to personally serve defendant); *Verizon*

*Trademark Servs., LLC v. Producers, Inc.*, No. 8:10-cv-665, 2011 WL 3296812, at *1 (M.D. Fla. Aug. 2, 2011) (holding that the plaintiff was justified in its use of substituted service after multiple attempts to serve the defendant at his home and after surveillance of the defendant's home). Plaintiff may apply to the clerk for the issuance of alias summons and serve Defendants by alternative means.

Accordingly, it is **ORDERED**:

1. The Motion (Dkt. 5) is **GRANTED**;

2. Plaintiff shall serve Defendant 123 Insurance, LLC, and Defendant Alejandro Pomareda on or before June 10, 2024; and

3. Plaintiff may serve 123 Insurance, LLC, by service upon the Secretary of State, and Alejandro Pomareda by service via certified mail.

**DONE** and **ORDERED** in Orlando, Florida, on April 15, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies furnished to:

Angela Long
P.O. Box 122
Goldenrod, FL 32707